IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

DWAYNE A. SIMPSON, )
Register No. 1026134, )
)
          Plaintiff, )
)
          v. )   No. 04-4094-CV-C-SOW
)
MISSOURI DEPARTMENT )
OF CORRECTIONS, et al., )
)
          Defendants. )

## REPORT, RECOMMENDATION AND ORDER

Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

On January 10, 2005, plaintiff filed a motion to compel discovery from Missouri Department of Corrections defendants. Upon review of the record, including the responses filed by defendants, the court finds plaintiff's motion to compel to be premature. Discovery was stayed in this case pending resolution of defendants' motion to dismiss. Since such motion to dismiss was denied on March 2, 2005, defendants have advised the court they are processing plaintiff's discovery requests.

On March 28, 2005, plaintiff filed a motion for default judgment against Missouri Department of Corrections defendants, alleging failure to timely respond to discovery requests. The court has discretion to enter a default judgment. *F.T.C. v. Packers Brand Meats, Inc.*, 562 F.2d 9 (8th Cir. 1977). Defaults are not favored, however, *Affanato v. Merrill Bros.*, 547 F.2d 138 (1st Cir. 1977), because ruling on the merits is encouraged. *Wilver v. Fisher*, 387 F.2d 66 (10th Cir. 1967). Generally, only a clear pattern of "delay or contumacious conduct" justifies entry of default judgment. *Taylor v. City of Ballwin*, 859 F.2d 1330, 1332 (8th Cir. 1988). Plaintiff's motion for default judgment should be denied

for the same reasons as those set forth above in this court's denial of plaintiff's motion to compel. Moreover, the court finds there is no clear pattern of delay or contumacious conduct justifying a default judgment.

On March 28, 2005, plaintiff also filed a motion requesting discovery from defendant Wright. Plaintiff is advised he may seek discovery from defendant Wright, pursuant to the Federal Rules of Civil Procedure. To the extent there appears to be some suggestion by plaintiff that he needs additional time for discovery, plaintiff is advised he must specifically request such extension from the court. Accordingly, plaintiff's motion for discovery from defendant Wright is denied, without prejudice.

On April 4, 2005, plaintiff filed a motion that he be allowed to depose the defendants. Plaintiff may conduct discovery, pursuant to the Federal Rules of Civil Procedure, including depositions of defendants. However, plaintiff is responsible for the costs associated with such deposition, including court reporter fees and costs. Although plaintiff was granted in forma pauperis status allowing him to proceed in this case without paying the filing fee in full at the onset of the case, the court is not responsible for the costs associated with plaintiff's litigation, including depositions. Accordingly, plaintiff's motion for depositions is denied, without prejudice.

On April 11, 2005, defendants Sutton, Dormire and Koch filed a motion for an extension of time to complete discovery and file their motion for summary judgment. Upon review and consideration, such motion is granted and the parties are granted until May 22, 2005, to complete discovery and file motions for summary judgment.

On March 10, 2005, plaintiff filed a motion for appointment of counsel. On July 13, 2004, plaintiff's previous motion for appointment of counsel was denied. A review of the record does not reveal a significant change in circumstances since that time. Accordingly, for the reasons previously set forth, plaintiff's motion will be denied. Additionally, the court notes that plaintiff has filed numerous motions in his case, including motions to compel, for summary judgment, and for default judgment, indicating to the court that plaintiff has sufficient competency to represent himself at this stage in the proceedings. Once dispositive motions are ruled in this case, plaintiff may renew his request for appointment of counsel.

IT IS ORDERED that plaintiff's motion of March 10, 2005, for appointment of counsel is denied, without prejudice [32].  It is further

ORDERED that the parties are granted until May 22, 2005, to complete discovery and to file motions for summary judgment [49].  It is further

ORDERED that plaintiff's motion for depositions is denied, without prejudice [47]. It is further

ORDERED that plaintiff's motion requesting discovery from defendant Wright is denied, without prejudice [45].  It is further

ORDERED that plaintiff's motion to compel discovery is denied, without prejudice [22].  It is further

RECOMMENDED that plaintiff's motion for default judgment be denied, without prejudice [45].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days.  If additional time is needed, a motion for an extension of time must be filed within twenty days.  The motion should state the reasons for the request.  *See Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983).  Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 20th day of April, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge