IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| DWAYNE A. SIMPSON, | ) | |
| Register No. 1026134, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-4094-CV-C-SOW |
| | ) | |
| MISSOURI DEPARTMENT | ) | |
| OF CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

On March 7, 2005, defendant Odessa (Ramona) Wright filed a motion for summary judgment. On March 17, 2005, plaintiff filed suggestions in opposition to defendant Wright's motion in conjunction with what appears to be a counter motion for summary judgment against defendant Wright. On March 28, 2005, plaintiff filed a second motion for summary judgment and objection to defendant Wright's motion for summary judgment. Defendant Wright responded to plaintiff's motions with filings on March 18 and 30, 2005.

Defendant Wright's motion for summary judgment argues that there is no dispute of material fact as to plaintiff's claims that defendant LPN Wright denied him medical treatment for an alleged head injury. Defendant Wright argues the medical records clearly indicate plaintiff advised her during her evaluation of him, subsequent to his allegedly being assaulted by another inmate and subjected to use of force by Missouri Department of Corrections (MDOC) personnel, that he was "OK and not having any problems," and that he didn't need anything at the time. Furthermore, defendant Wright argues there is no evidence of a detrimental effect resulting from her alleged failure to refer plaintiff for further medical

evaluation. Defendant Wright argues plaintiff was, in fact, seen by medical personnel subsequent to her assessment of him, and that such medical review of plaintiff's condition by three different doctors failed to indicate plaintiff had any medical conditions related to the alleged assault by another inmate or the use of force by MDOC staff. Defendant Wright argues that an X-ray taken of plaintiff's skull, and then interpreted by an outside radiologist, indicated plaintiff had no skull abnormalities. Defendant Wright further argues plaintiff's complaints of chronic headaches were diagnosed as being related to his high blood pressure problems. Defendant Wright argues there is no evidence she denied plaintiff medical care or was deliberately indifferent to his serious medical condition.

Plaintiff's response to defendant Wright's motion for summary judgment includes what appears to be two counter motions for summary judgment against defendant Wright. Plaintiff argues defendant Wright "misperceived" or "misunderstood" his medical condition, due to his condition, and incorrectly noted everything was OK. Plaintiff alleges that, as a result, he didn't receive an X-ray or proper medical care by a doctor until several months later.

Fed. R. Civ. P. 56(c) requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact." *City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op.*, 838 F.2d 268, 273 (8th Cir. 1988).

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial. *Celotex*, 477 U.S. at 323. Evidence of a disputed factual issue which is merely colorable or not significantly probative, however, will not prevent entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact." *Hass v. Weiner*, 765 F.2d 123, 124 (8th Cir.

1985).  In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts.  *Robinson v. Monaghan*, 864 F.2d 622, 624 (8th Cir. 1989).

If "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law," the court must grant summary judgment.  Fed. R. Civ. P. 56(c).

In the instant case, there is no dispute of material fact as to plaintiff's claims against defendant Wright.  Plaintiff does not dispute that defendant Wright understood him to say, during her evaluation of him, that he was OK, wasn't having any problems, and didn't need anything at the time.  Rather, plaintiff states that defendant Wright "misperceived" or "misunderstood" his medical condition.  Thus, plaintiff's claims against defendant Wright appear to be based upon a theory of negligence and not deliberate indifference.  In this regard, it is well settled that negligence is not actionable under 42 U.S.C. § 1983.  Negligent injury to an inmate by prison officials does not constitute a Fourteenth Amendment violation.  *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).  It is also not an Eighth Amendment violation.  "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests and safety."  *Whitley v. Albers*, 475 U.S. 319 (1986).  *See also Wells v. Walker*, 671 F. Supp. 624, 627 (E.D. Ark. 1987), *aff'd*, 852 F.2d 368 (8th Cir. 1988), *cert. denied*, 489 U.S. 1012 (1989).  Thus, defendant Wright is entitled to summary judgment as a matter of law as to plaintiff's claims against her.  No reasonable jury could find, based upon the medical records submitted and plaintiff's own statements, that defendant Wright was deliberately indifferent to plaintiff's medical needs or that she denied him medical care for a serious medical condition.  Plaintiff's claims against defendant Wright are, at most, allegations of negligence, which are not actionable under section 1983.  Defendant Wright's motion for summary judgment should be granted.[1]

---

[1] The court further notes that to the extent plaintiff's claims allege a delay in medical treatment, plaintiff has failed to provide any evidence of a detrimental effect resulting from

3

Plaintiff's motions for summary judgment against defendant Wright should be denied for the same reasons as those set forth above.

IT IS, THEREFORE, RECOMMENDED that plaintiff's motions for summary judgment against defendant Wright be denied [34, 43]. It is further

RECOMMENDED that defendant Wright's motion for summary judgment be granted and plaintiff's claims against defendant Wright be dismissed [31].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. If additional time is needed, a motion for an extension of time must be filed within twenty days. The motion should state the reasons for the request. *See Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 25th day of April, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge

---

the alleged delay in his receiving medical treatment. An inmate who complains that the delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed. Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995) (quoting Hill v. Dekalb Regional Youth Detention Ctr., 40 F.3d 1176, 1188 (11th Cir. 1994)).